**Larry P. Smith (6217162)**
**Admitted** *Pro Hac Vice*
**Larry P. Smith &Associates, Ltd.**
**205 North Michigan Avenue**
**40th Floor**
**Chicago Illinois 60601**
**312 222 9028**
**lsmith@lpsmithlaw.com**
**Attorney for Plaintiff**

**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**2833 North Central Ave., #613**
**Phoenix, AZ 85004**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| LAURA MILLER, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT** |
| | ) |
| PORTFOLIO RECOVERY | ) |
| ASSOCIATES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

### I. Preliminary Statement

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

1

## II. Jurisdiction and Venue

2. Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

## III. Parties

3. Plaintiff, LAURA MILLER, is an adult individual and citizen of the State of Arizona.

4. Defendant, PORTFOLIO RECOVERY ASSOCIATES, is a business entity that regularly conducts business in all cities and counties in the United States, and is a corporation whose principal place of business is located in the State of Virginia.

5. Furthermore, at all relevant times herein, Defendant acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed US Cellular.

## IV. ALLEGATIONS
## <u>VIOLATIONS OF THE FDCPA v. PORTFOLIO RECOVERY ASSOCIATES</u>

6. In February of 2007, Plaintiff accessed her Equifax Information Services, LLC credit file and discovered a collection account reported by Defendant as past due and owing.

7. Plaintiff disputed the collection account with the credit reporting agencies and immediately contacted Defendant directly to notify it she had never received anything in writing from Defendant prior to discovering the account on her credit file.

8.     On April 7, 2007, Plaintiff sent Defendant a written request for validation of the alleged debt.

9.     On April 24, 2007, Plaintiff received a response from Defendant however, Defendant failed to validate the alleged debt or send an initial dunning letter as required by law.

10.    In May of 2007, Plaintiff accessed her credit file with the major credit reporting agencies and Defendant continued to report the account as a collection and failed to mark the account as "disputed by the consumer".

11.    In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a.     Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. § 1692e(8); and

    b.     Failed to send the consumer, within five days after the initial communication with the consumer in connection with the collection of any debt, a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any

portion thereof, the debt will be assumed to be valid by the debt collector in violation of 15 U.S.C. § 1692g(a)(3);

c. Failed to send the consumer, within five days after the initial communication with the consumer in connection with the collection of any debt, a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and copy of such verification or judgment will be mailed to the consumer by the debt collector in violation of 15 U.S.C. § 1692g(a)(4);

d. Failed to send the consumer, within five days after the initial communication with the consumer in connection with the collection of any debt, a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor if different from the current creditor in violation of 15 U.S.C. § 1692g(a)(5);

12. As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, LAURA MILLER, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for Plaintiff;

    c.    Plaintiff's attorneys' fees and costs;

    d.    Any other relief deemed appropriate by this Honorable Court.

**\*\*\*PLAINTIFF REQUESTS A TRIAL BY JURY \*\*\***

Respectfully submitted this 27th day of July, 2007

By:    s/Larry P. Smith
**Larry P. Smith (6217162)**
**Admitted *Pro Hac Vice***
**Larry P. Smith &Associates, Ltd.**
**205 North Michigan Avenue**
**40th Floor**
**Chicago Illinois 60601**
**312 222 9028**
**lsmith@lpsmithlaw.com**
**Attorney for Plaintiff**

s/Marshall Meyers
**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**2833 North Central Ave., #613**
**Phoenix, AZ 85004**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**